# In the United States Court of Federal Claims

No. 23-28C
(Filed: March 9, 2023)

* * * * * * * * * * * * * * * * * * * * * * * *

PERCIPIENT.AI, INC.,

                *Plaintiff*,

v.

THE UNITED STATES,

                *Defendant*,

and

CACI, INC. – FEDERAL,

                *Intervenor*.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

      This is a post-award bid protest of the National Geospatial-Intelligence Agency's alleged violation of 10 U.S.C. § 3453, a statute that requires agencies to procure commercial or non-developmental products when "practicable." Both the United States and the intervenor, CACI, Inc. – Federal, move to dismiss the protest for lack of subject-matter jurisdiction. For the reasons set out below, and as will be explained further in a forthcoming opinion, we deny the motions to dismiss.

      Like all federal courts, we possess limited jurisdiction, with ours being defined primarily by the Tucker Act. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Under the Tucker Act, we have jurisdiction over non-frivolous allegations of statutory or regulatory violations "in connection with a procurement or a proposed procurement." *Distributed Sols., Inc. v. United States*, 539 F.3d 1340, 1345 (Fed. Cir. 2008).

First, Percipient has alleged a non-frivolous violation of Section 3453, which provides, in short, that defense agencies and their contractors shall acquire "commercial products" "to the maximum extent practicable." § 3453(b)(1)-(2). To that end, the statute requires agencies to conduct market research throughout the procurement process to identify commercial products that (1) "meet the agency's requirements," (2) "could be modified to meet the agency's requirements," or (3) "could meet the agency's requirements if those requirements were modified to a reasonable extent." § 3453(c)(2). While the parties may dispute the merits of Percipient's claim, no one has argued its allegations are frivolous as Percipient has alleged specific facts that, if true, may violate Section 3453.

Second, the Tucker Act gives us jurisdiction over "any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1) (2018). The statute's "operative phrase 'in connection with' is very sweeping in scope" and encompasses any statutory violation that is connected to a procurement. *RAMCOR Servs. Group v. United States*, 185 F.3d 1286, 1289 (Fed. Cir. 1999). A "procurement" includes "all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout." *Distributed Sols.*, 539 F.3d at 1345 (quoting 41 U.S.C. § 403(2)). Thus, the agency's alleged violation of Section 3453 is in connection with a procurement because it occurred as part of the agency's "process for acquiring property or services" and "before contract completion," so we have subject matter jurisdiction over Percipient's claim.

Even though we may have subject matter jurisdiction, we can only exercise our jurisdiction when a plaintiff has established that it has standing to bring its claim. *Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002). When it comes to bid protests, Congress provided that only an "interested party" has standing to challenge a procurement. § 1491(b)(1). The phrase "interested party" limits claims "to actual or prospective bidders" who have a "direct economic interest" in the procurement. *Distributed Sols.*, 539 F.3d at 1344.

In this case, Percipient, under the record thus far, has made a plausible allegation that it is a prospective bidder. Under Section 3453, the agency must ensure that offerors of commercial products "are provided an opportunity to compete in any procurement to fill [the agency's] requirements." § 3453(a)(3). So, according to Percipient, if the agency had complied with the statute and reached that step, Percipient would have offered its commercial product to the agency either as a subcontractor, a licensee, or even possibly as a prime contractor. In those scenarios,

Percipient has a direct economic interest in the procurement because the agency's alleged violation deprived Percipient of the opportunity to offer its product. *Distributed Sols.*, 539 F.3d at 1345. And without the full administrative record, we have no reason to doubt these possible scenarios at this stage. Thus, we are satisfied that Percipient has at least alleged facts sufficient to establish standing.

Finally, on the present state of the facts, we do not believe that Percipient's claim is untimely nor barred by *Blue & Gold Fleet v. United States*, 492 F.3d 1308 (Fed. Cir. 2007).

For these reasons, the motions to dismiss for lack of subject matter jurisdiction are denied. The court will provide a fuller explanation of its reasoning in an opinion to follow. In the meantime, the parties are directed to file a joint status report proposing a schedule for further proceedings, including the government's provision of a complete administrative record, on or before March 16, 2023.

s/Eric G. Bruggink  
ERIC G. BRUGGINK  
Senior Judge